FLAÜM, Circuit Judge, concurring.
A prison official who fails to prevent a substantial risk of serious harm from ripening into actual harm to a prisoner will escape liability, provided that the official was actually unaware of the risk or took reasonable steps to prevent the harm. So holds Farmer v. Brennan, 511 U.S. 825, 846-48, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994). After some hesitation, I agree that Lewis cannot meet the requirements of Farmer, and therefore concur in the judgment. Nevertheless, because I believe that Lewis’s claims present a closer ease than the majority’s opinion might suggest, I write separately to express my concerns.
At the outset, I wish to underscore a point of agreement with the majority: the district court’s grant of summary judgment with respect to the third assault is indeed “problematic.” Twice the victim of brutal attacks, Lewis already had initiated this action when the third incident occurred. With respect to this alleged assault, therefore, the defendants should not be permitted to take refuge in their professed ignorance of Lewis’s fears. Cf. Farmer, 511 U.S. at 846 n. 9, 114 S.Ct. at 1983 n. 9 (“If, for example, the evidence before a district court establishes that an inmate faces an objectively intolerable risk of serious injury, the defendants could not plausibly persist in claiming lack of awareness ....”) (discussing subjective component in suits for injunctive relief). Yet because the CAB determined that Lewis was not assaulted in the psychiatric unit, but rather was participating in consensual sex, the majority opinion correctly holds that Miller bars his claim. By dismissing without prejudice Lewis’s complaint with respect to the third assault, the majority leaves open the possibility that, should the Supreme Court differ with the conclusion we reached in Miller, Lewis could renew his suit. I agree with this disposition.
Once the third assault drops from the picture, only the second assault arguably supports a claim of deliberate indifference, for it is undisputed that, prior to the initial rape, the defendants had no reason to believe that Lewis was in danger. I concur in the judgment only because I do not believe that the defendants’ response upon learning in April of the first rape, which took place the previous November, can fairly be characterized as a failure to take reasonable steps to avert future harm to Lewis. See Farmer, 511 U.S. at 844, 114 S.Ct. at 1982-88 (“[Pjrison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.”). I am unable, however, to endorse the majority’s language, which, in my view, reflects an overly constrictive view of Farmer.
Particularly of concern to me is the majority’s failure to acknowledge that a factfinder may infer a subjective mental state from the existence of an obvious risk. “Whether a prison official had the requisite knowledge of a substantial risk,” Farmer instructs, “is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, cf. Hall[, General Principles of Criminal Law] 118 (cautioning against ‘confusing a mental state with the proof of its existence’), and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.” 511 U.S. at 842,114 S.Ct. at 1981. Given this instruction, the majority’s emphasis upon the adequacy of Lewis’s pleas for protection strikes me as inappropriate.* The Farmer Court clearly envisioned that a jury would hear claims like Lewis’s, even in cases where a seasoned jurist might conclude that proof of subjective awareness was tenuous:"
*-1027 When instructing juries in deliberate indifference cases with such issues of proof, courts should be careful to ensure that the requirement of subjective culpability is not lost. It is not enough merely to find that a reasonable person would have known, or that the defendant should have known, and juries should be instructed accordingly.
511 U.S. at 843 n. 8, 114 S.Ct. at 1982 n. 8. In the view of the Supreme Court, the safeguard against jurors whose outrage at prison violence might lead them to sanction officials in the absence of an Eighth Amendment violation is not a relaxed summary judgment standard, but jury instructions that properly convey the applicable law. Lower federal courts, in my view, should exhibit a similar faith in the willingness of juries to follow the law.
With respect to the second assault, the majority is willing to assume, as it must for purposes of summary judgment, “that the defendants were aware of the fact that Lewis needed protection from the Disciples.” It therefore acknowledges that “[h]ad the defendants in this case simply refused to do anything, Lewis’ ease might survive summary judgment.” This standard, however, is not Farmer's. Under Farmer, prison officials “may be found free from liability if they responded reasonably to the risk.” 511 U.S. at 844, 114 S.Ct. at 1982-83 (emphasis added). “[Sjubsequent events,” the majority suggests, “proved at best that the defendants exercised poor judgment.... Exercising poor judgment, however, falls short of meeting the standard of consciously disregarding a known risk to his safety.” But the officials’ response to Lewis’s request speaks to whether the officials “disregarded] that risk by failing to take reasonable measures to abate it,” Farmer, 511 U.S. at 825, 114 S.Ct. at 1970, not to whether they had actual knowledge of the risk. The majority appears to conflate Farmer’s requirement of subjective awareness with its requirement that officials take reasonable measures to avert harm once they have become aware of danger. In doing so, the majority could be read to suggest that a plaintiff in Lewis’s position need prove, not only that officials knew of a risk of harm, but also that they “refused to do anything” in response. Farmer, of eourse, does not set so heavy a burden. Minimal gestures in response to known risks will not absolve prison officials of liability.
I remain acutely aware of the “logistical nightmare” prison gangs create for prison administrators, see Babcock v. White, 102 F.3d 267, 268 (7th Cir.1996), and believe judges must resist any temptation to second-guess officials who have taken reasonable steps to deal with specific threats of gang violence, even when those measures ultimately prove unsuccessful. For this reason I concur in today’s judgment. Nevertheless, cases such as Lewis’s remind us that, far from being unusual, gang violence remains an ever-present reality of prison life. We must not abandon the effort to develop a balanced jurisprudence, one that is sensitive to the unique difficulties of prison administration, but which recognizes that “[b]eing violently assaulted in prison is simply not ‘part of the penalty that criminal offenders pay for their offenses against society,’ ” Farmer, 511 U.S. at 834, 114 S.Ct. at 1977 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)).

 Because the majority opinion does not distinguish among the various officials named in Lewis's suit, it fails to mention that the official who allegedly informed Lewis's tormentors of his complaints was dismissed by Lewis from this action prior to his appeal. I do not understand today’s opinion to suggest that a prisoner could not succeed in a suit against an official who refused to relay to superiors the prisoner’s request for protection and instead advised other prisoners of a “snitch” within their midst.